```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

CHAD EVERETTE EASLEY                                       PLAINTIFF

VERSUS                   CIVIL ACTION NO. 5:23-cv-00024-DCB-BWR

JAMES BRUMFIELD, et al.                                   DEFENDANTS

## ORDER ADOPTING THE REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Magistrate Judge Bradley W. Rath's Report and Recommendation, [ECF No. 61] (the "Report"), which addresses a motion for summary judgment, [ECF No. 57], which was filed by defendants Pike County, Mississippi, Sherriff James Brumfield, Warden Herbert Young, Captain Richard Bynum, and Nurse Valerie Wells (collectively, "Defendants"). Plaintiff Chad Everette Easley ("Plaintiff") filed this lawsuit pro se under 42 U.S.C. § 1983 when he was a pretrial detainee housed at the Pike County Jail in Magnolia, Mississippi. [ECF No. 1]. The Magistrate Judge conducted an Omnibus Hearing on March 13, 2024, where Plaintiff was present and clarified his allegations under oath. See Minute entry dated 3/13/24; Transcript, [ECF No. 53]; Omnibus Order, ECF No. 48. Since then, Plaintiff has been released from custody. [ECF No. 50].

In his detailed Report, which is supported by transcript citations to Plaintiff's sworn testimony at the Omnibus

1

Hearing, Magistrate Judge Rath recommends that: (i) Defendants' Motion for Summary Judgment be granted; (ii) Plaintiff's claims be dismissed with prejudice; and (iii) this case be closed. The Court has reviewed the Report and finds it to be well-taken.

The Court notes that no party has filed an objection to the Report, and the time to do so has expired.  Where no party objects to the magistrate judge's report and recommendation and the report contains a warning about the consequences of failing to object (as this report does), the Court is not required to perform a de novo review of the magistrate judge's determination.  In such cases, the standard of review is whether the report and recommendation is clearly erroneous or contrary to law.  Quinn v. Guerrero, 863 F.3d 353, 358 (5th Cir. 2017) ("… a party is not entitled *de novo* review after failing to file written objections to the magistrate judge's R&R within a certain period of time."); see also United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989) (the clearly erroneous, abuse of discretion and contrary to law standard of review is appropriate only where there has been no objection to the magistrate's ruling).  Finding no clear error in the Report and not finding it contrary to law, the Court agrees with and adopts Magistrate Judge Rath's recommendation.

Accordingly,

2

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation [ECF No. 61] is **ADOPTED** as the findings and conclusions of this Court;

IT IS FURTHER ORDERED that Defendant's Motion [57] for Summary Judgment is **GRANTED**;

IT IS FURTHER ORDERED that all Plaintiff's claims against Defendants are **DISMISSED** with prejudice, and this case is closed.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED, this 13th day of February 2025.

                                                    /s/  David Bramlette  
                                         UNITED STATES DISTRICT JUDGE